Intra-Mar Transport Corp., formerly Gondrand Transport Corp. *v.* United States

No. 7744.—▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Entry Nos. 973; 974.

(Order dated October 13, 1949)

*Brooks & Brooks* (*Frederick W. Brooks* of counsel) for the plaintiff.
*David N. Edelstein,* Assistant Attorney General (*Harold L. Grossman*, special attorney), for the defendant.

ORDER

Cole, Judge: This case concerns the dutiable value of hard candies exported from Havana, Cuba, and entered at the port of New Orleans, La. There are two shipments in question. In both, the original entry was made at the invoice price of 11 cents per pound, and then, by valid amendment, the entered value was advanced to 15 cents per pound. All of the candy was appraised at $8 per carton, less cost of American containers at $1.44 per carton, less nondutiable charges.

To support its amended entered value, claimed to be dutiable export value, plaintiff introduced in evidence an affidavit, plaintiff's exhibit 1, executed by Gustave V. Balsinde, director general of the Cuban shippers of the present merchandise, wherein the witness testifies, among other statements, to a sale made at the time of the shipments under consideration of "the same candy for export to the United States to Messrs. Green Bros. of Miami, Florida at fifteen cents per pound f. o. b. boat Havana in the quantity of 50800 lbs. net for a total value of $7620.00." The transaction is identified in the treasury agent's report, defendant's exhibit 3, as "2,540 cartons, 4/5 pound bags lemon drops per carton (net weight 50,800 pounds) * * * at a price of $0.15 per pound f. o. b. Habana."

The present merchandise is invoiced as "glass flask of 12 oz. net ea. of Cuban Hard Candies," a description that tends very strongly to contradict plaintiff's testimony to the effect that the lemon drops covered by the sale for export, hereinabove referred to, are the "same" as the merchandise subject of this litigation.

"Same" merchandise, for tariff purposes, is identical merchandise. *United States* v. *Meadows Wye & Co., Inc.*, 15 Ct. Cust. Appls. 451,

T. D. 42643. Certainly, it cannot be said, on the basis of the proof before me, that the two totally different descriptions—"hard candies" and "lemon drops"—refer to the same or identical merchandise.

Whether the two commodities are similar is a matter of proof, concerning which the record herein is insufficient. Neither samples nor analyses of the two products were offered by either party. Nor is there any testimony showing relative properties of the "hard candies" in question and the allegedly comparable "lemon drops."

The matter of similarity between an imported product and a comparable one sold in the foreign market has been the subject of much litigation in reappraisement proceedings, and determination thereof requires consideration of several phases of the two articles the subject of such discussion. See *T. W. Holt & Co.* v. *United States*, 23 Cust. Ct. 243, Reap. Dec. 7714, decided as recently as July 11, 1949.

The record herein is too indefinite for a positive conclusion on the issue of similarity as it arises in the present case. It would seem, under the circumstances, that the interests of justice would be best served by giving the parties an opportunity to offer further proof on the matter.

It is therefore ORDERED that the case be restored to a calendar which the chief judge, in his discretion, deems proper.