(Reap. Dec. 8971)

Pan-American Plywood Co. v. Unitéd States

Entry No. 9325, etc.

(Decided August 22, 1957)

*John C. Ray* (*Arthur R. Martoccia* of counsel) for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the defendant.

MOLLISON, Judge: These 147 appeals for reappraisement are from findings of value made by the appraiser at the port of Detroit on certain birch plywood imported from Canada during the period from 1950 to 1953.

It appears that certain of the items covered by these appeals were appraised in Canadian dollars on the basis of foreign value of such merchandise, while the remainder of the items covered by those appeals for reappraisement, as well as all of the merchandise covered by the remaining appeals for reappraisement were appraised in United States dollars on the basis of export value of similar merchandise. The foreign and export value provisions of the statute, section 402 (c) and (d), Tariff Act of 1930, as they existed at the times here pertinent, are quoted in the margin.[1]

The claim of the plaintiff is that all of the merchandise should have been appraised on the basis of foreign value of *such* merchandise, i. e., the price at which the Canadian manufacturer and seller of the

---

[1] SEC. 402. VALUE.

 *　　　* 　　　*　　　*　　　*　　　*　　　*

(c) FOREIGN VALUE.—The foreign value of imported merchandise shall be the market value or the price at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale for home consumption to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

(d) EXPORT VALUE.—The export value of imported merchandise shall be the market value or the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

imported merchandise, the Dominion Shuttle Co., Ltd., of Lachute Mills, Quebec, freely offered such merchandise for sale for home consumption in Canada to all purchasers in the principal markets of Canada, in the usual wholesale quantities and in the ordinary course of trade.

It is apparent that as to the items wherein the appraiser found a foreign value for such merchandise there is actually no controversy between the parties. Examination of the evidence offered by the plaintiff bearing on the foreign value of such merchandise tends to corroborate the values returned by the appraiser, based upon foreign value.

As to all of such items, therefore, which are identified by reason of having been appraised in Canadian dollars, I find foreign value, as defined in section 402 (c), *supra*, to be the correct basis of value for the merchandise, and that such value in each instance is the appraised value.

All of the other items of plywood involved in these appeals were appraised in United States dollars on the basis of export value of *similar* merchandise. Inasmuch as the record shows that the Canadian manufacturer of the merchandise under appraisement offered and sold its plywood for exportation to the United States exclusively to the plaintiff company, it is apparent that there existed no export value within the meaning of the statute for *such* merchandise. *United States* v. *D. J. Powers (for Franklin Co.) and Geo. Wm. Rueff (Inc.)*, 16 Ct. Cust. Appls. 185, T. D. 42811.

The record shows that in each instance where the merchandise was appraised on the basis of export value of *similar* merchandise, *such* merchandise (i. e., identical merchandise made by the Canadian manufacturer and seller of the merchandise under appraisement) was freely offered for sale for home consumption in the principal markets of Canada in the usual wholesale quantities and in the ordinary course of trade. These facts do not appear to be seriously controverted and are apparent from the testimony given by the appraiser and examiner, and, in any event, were established by the evidence offered on behalf of the plaintiff.

I, therefore, find that at the times of exportation here involved there existed a foreign value within the meaning of section 402 (c), *supra*, for the merchandise in controversy, based upon the market value or price, under the conditions established by the statute, for *such* merchandise.

As has been hereinbefore indicated, at such times no export value, within the meaning of the statute, existed for *such* merchandise. Plaintiff has not attempted to offer any evidence which would tend to establish either the nonexistence of an export value for similar

merchandise or that the values returned by the appraiser on that basis were incorrect.

I, therefore, find that at the times of exportation here involved there existed an export value within the meaning of section 402 (d), *supra,* for the merchandise in controversy, based upon the market value or price, under the conditions established by the statute, for *similar* merchandise.

A comparison of the foreign and export values so found for the merchandise in controversy shows that, in each instance, the export value is higher than the foreign value.

Section 402, *supra,* as in force and effect at the times here pertinent, provided in part as follows:

SEC. 402.   VALUE

(a)   BASIS.—For the purposes of this Act the value of imported merchandise shall be—

(1)   The foreign value or the export value, whichever is higher;

\*        \*        \*        \*        \*        \*        \*

Plaintiff contends, however, that where, as here, a foreign value but no export value for *such* merchandise exists, the existence of any value, foreign or export, for similar merchandise is immaterial, and relies upon the well-established rule giving precedence in the determination of value to that of *such* merchandise before resort is made to the value of *similar* merchandise.

The rule is expressed in *United States* v. *Meadows Wye & Co., Inc.,* 15 Ct. Cust. Appls. 451, 454, T. D. 42643, as follows:

\* \* \* Obviously it was the intent of the lawmakers to fix foreign value upon, first, the wholesale selling price of *the same* merchandise abroad, and, in case there be no such merchandise so sold, then to fix dutiable value by the wholesale selling price of *similar* merchandise, and we so construe the statute.   [Italics quoted.]

That rule, however, has always been applied in the decided cases to the determination of value *within a particular statutory* basis, i. e., foreign value, *or* export value, *or* United States value, in each of the statutory definitions of which the term "such or similar" appears. Only one case, of all of those cited by counsel for the plaintiff and counsel for the defendant in the briefs filed in this case, was decided directly on the point raised by the issue in this case, that is to say, whether the rule as to the precedence of the value of "such" merchandise over that of "similar" merchandise prevails, when a comparison of values is made for the purposes of section 402 (a) (1), *supra.*

That case arose under the Tariff Act of 1922, section 402 (a) (1), of which was identical in language with section 402 (a) (1) of the present act, as in force and effect at the times here involved.

The decision of the trial judge, sitting in reappraisement, is reported in *R. J. Reynolds Tobacco Co.* v. *United States,* 66 Treas. Dec. 1300, Reap. Dec. 3456, and he specifically held—

That inasmuch as there is a foreign value of similar merchandise, to wit, 162 francs per thousand, and also an export value of the identical merchandise at bar, to wit, 120 francs per thousand for the booklets covered by reappraisement 92245–A, and 160 francs per thousand for the booklets covered by reappraisement 95647–A, and the foreign value exceeds the export value, I find the dutiable value of said "OCB" booklets to be 162 francs per thousands, packed.

The decision was affirmed on appeal (*United States* v. *R. J. Reynolds Tobacco Co.*; *R. J. Reynolds Tobacco Co.* v. *United States*, 68 Treas. Dec. 1335, Reap. Dec. 3690), a majority of the appellate division ruling on the point as follows:

\* \* \* We further hold, as a matter of law, that for the purposes of finding value as that term is defined in Section 402 (b) and (c) of the Tariff Act of 1922 there was no requirement that the foreign or the export value of "such" merchandise, whichever is higher, must be adopted as the dutiable value of the merchandise, even though there is a still higher foreign or export value for "similar" merchandise.

It should be noted that, in a concurring opinion, the third member of the division expressed grave doubt as to whether the provisions of section 402 (a) (1) of that act, requiring the taking of the higher of the foreign or export value as the value of the merchandise under appraisement, applied in the case where the value of "similar" goods was being compared with the value of "such" goods.

As has been said, in none of the cases cited in the briefs, other than the foregoing, and in no case which has resulted from research by the court, was there presented for decision, and decided, the precise issue raised herein. The point has been discussed in other cases, however, where decision was controlled by other issues and, in those cases, it was indicated that the rule with respect to the precedence of the value of "such" over the value of "similar" merchandise, where both exist under the foreign and export value provisions of the statute, would have no application, in the face of the clear statutory requirement of section 402 (a) (1) that the higher of the two values must be taken as the value of the merchandise under appraisement.

In *United States* v. *Malhame & Co.*, 19 C. C. P. A. (Customs) 164, T. D. 45276, our appellate court, referring to provisions of the Tariff Act of 1922, comparable to those here involved under the 1930 act, said:

Under the statute it is necessary to determine the foreign value, if there be one, by the tests prescribed in paragraph (b), *supra*, and also the export value, if there be one, by the tests prescribed in paragraph (c), *supra*. The merchandise is then to be appraised at whichever of the found values is the higher. \* \* \*

And, in *International Forwarding Co., Inc., et al.* v. *United States*, 34 Cust. Ct. 540, A. R. D. 56, the second division of this court, in deciding an appeal from the decision of the writer in the case of

*Same* v. *Same*, 32 Cust. Ct. 577, Reap. Dec. 8281, quoted with approval an observation made by the writer as follows:

\* \* \* Assuming, without deciding, that there was an export value for "such" merchandise and a foreign value for "similar" merchandise, the higher of the two must be accepted as the value of the merchandise under the provisions of section 402 (a) (1) of the act \* \* \*.

Thus it will be seen that wherever the issue here raised has been the subject of judicial consideration, the result has been against the contention made by the plaintiff in this case.

Where the value of imported merchandise is determined by the value of "such or similar" merchandise, as it is under the foreign and export value provisions of section 402, *supra*, there can be no question but that the value of "such" merchandise is more representative of the true value of the imported merchandise than is the value of "similar" merchandise, and plaintiff undoubtedly would have a strong argument for the adoption of its contention, if the language of the statute were open to construction.

However, both in its definitions of what constitute foreign and export values and in its direction that the higher of the two values must be taken as the value of the merchandise under appraisement, the statute is clear and unmistakable in its terms and leaves no room for construction. Under the facts of this case, there existed at the same time a foreign value for such merchandise and an export value for similar merchandise. The higher of the two values, which, in this case, was the export value, must be taken to be the value of the merchandise.

Upon the entire record, I find as facts:

(1) That the involved merchandise consists of plywood of various grades and sizes exported from Canada.

(2) That as to the merchandise covered by the appeals for reappraisement involved herein, which was appraised in Canadian dollars, the price at the time of exportation thereof at which merchandise such as that so appraised was freely offered for sale for home consumption in Canada to all purchasers in the principal markets of Canada, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was the appraised value in each instance.

(3) That as to the remainder of the merchandise covered by these appeals for reappraisement, at the time of exportation thereof such merchandise was not freely offered for sale for exportation to the United States.

(4) That as to the said remainder of the merchandise covered by these appeals for reappraisement, the price at the time of exportation

thereof at which merchandise similar to that involved was freely offered for sale to all purchasers in the principal markets of Canada, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was the appraised value in each instance.

(5) That as to the said remainder of the merchandise covered by these appeals for reappraisement, the price at the time of exportation thereof at which merchandise such as that involved was freely offered for sale for home consumption in Canada to all purchasers in the principal markets of Canada, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was lower than the appraised value in each instance.

I conclude as matters of law:

(1) That as to the items of merchandise covered by finding (2) above, foreign value, as defined in section 402 (c) of the Tariff Act of 1930, as in force and effect at the times of importation of the merchandise, was the correct basis of value for such merchandise.

(2) That as to the remaining items of merchandise, export value, as defined in section 402 (d) of the said act, as in force and effect at the times of importation of the merchandise, was the correct basis of value for such merchandise.

(3) That as to all items, such values were the appraised values. Judgment will issue accordingly.