(A.R.D. 112)

PAN-AMERICAN PLYWOOD CO. *v.* UNITED STATES

Entry No. 9325, etc.

## Second Division, Appellate Term

(Decided September 10, 1959)

*John C. Ray* (*Arthur R. Martoccia* of counsel) for the appellant.
*George Cochran Doub*, Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the appellee.

Before LAWRENCE, RAO, and FORD, Judges

RAO, Judge: This is an application for review of a decision and judgment sustaining the appraised values of certain imported plywood. There are 147 importations involved in this proceeding, the separate appeals for reappraisement thereof having been consolidated. Except for certain items covered by reappraisements 261218–A, 261219–A, 261227–A, 261230–A, 261233–A, 249134–A, 249135–A, 249142–A, 249143–A, 261199–A, 261201–A, 261203–A, 261204–A, 261206–A, 261214–A, 261216–A, and 261217–A, all of the subject merchandise was appraised on the basis of export value of similar goods, as that value is defined in section 402 (d) of the Tariff Act of 1930. With respect to the reappraisements hereinabove enumerated, those invoice items, which show a value expressed in terms of Canadian dollars, were appraised on the basis of foreign value of such merchandise, as that value is defined in section 402 (c) of said act, as amended by the Customs Administrative Act of 1938, and the values thus returned are not in dispute.

The merchandise under review was entered at unit values stated to be representative of the foreign values of such merchandise, and it is contended that, notwithstanding said values are lower than the export values of similar merchandise, they are the proper values for the merchandise at bar.

For the purposes of this review, it may be taken as conceded that there were, in fact, foreign values for identical plywood sold in Canada, the country of exportation, for home consumption, within the contemplation of section 402 (c), *supra*, and export values for similar plywood sold for exportation to the United States within the contemplation of said section 402 (d) ; that there were no export values for such merchandise; and that the export values of similar merchandise were higher than the foreign values for such merchandise. However, and although the matter does not appear to have been previously raised, counsel for appellant, in oral argument before this division, appears now to contend that there were no higher export values for similar merchandise, and seeks an opportunity, in the event of his failure to prevail on the question of law posed in this appeal, to submit evidence addressed to that proposition.

As the record now stands, the question presented for our determination is whether an export value of "similar" merchandise shall pre-

vail over a foreign value of "such" merchandise where the former is higher. This question flows from the provisions of the valuation statute, section 402 of the Tariff Act of 1930, and as amended, *supra*, which read as follows:

SEC. 402. VALUE.

(a) BASIS.—For the purposes of this Act the value of imported merchandise shall be—

(1) The foreign value or the export value, whichever is higher;

\*       \*       \*       \*       \*       \*       \*

(c) FOREIGN VALUE.—The foreign value of imported merchandise shall be the market value or the price at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale for home consumption to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

(d) EXPORT VALUE.—The export value of imported merchandise shall be the market value or the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

Essentially, it is appellant's position that the value of "such" merchandise, when shown to exist, is to be preferred over the value of "similar" merchandise, without regard to the statutory basis of value, and despite the fact that the latter is shown to be higher. The argument rests upon the theory that when the value of imported merchandise is measured in terms of identical goods, a more truly representative figure is obtained than when it is measured in terms of the value of goods which are merely similar.

Whether or not the result contended for by appellant is a desirable one or is more equitable is unfortunately not the issue in this case, for what is required here is a determination of value consistent with the relevant provisions embodied in the law.

In a well-reasoned opinion, the trial court held appellant's position to be without merit upon the theory that the settled principle that the value of similar merchandise is immaterial where the value of such merchandise is established applies within the framework of a single statutory basis, but where foreign value and export value are in competition, the statutory mandate that the higher of the two shall be taken as the value of imported merchandise demands the rejection of that rule.

As we view the matter, there can be no other conclusion than the one reached by the trial court. If, for purposes of analysis, the respective definitions of foreign value and export value are substituted in subdivision (1), *supra*, for the words "foreign value" and "export value" therein contained, the answer becomes almost self-evident. Neither value is determinable unless and until all of the conditions expressed within the confines of its definition are satisfied. Each value as a separate category, must be found in accordance with the terms prescribed. If "such" merchandise be freely offered for sale to all purchasers in the usual wholesale quantity and in the ordinary course of trade, settled precepts dictate that the terms of the definition have been met, *United States* v. *Meadows Wye & Co., Inc.* (*F. A. MacCluer, Inc.*), 15 Ct. Cust. Appls. 451, T.D. 42643; *United States* v. *Irving Massin & Bros.*, 16 Ct. Cust. Appls. 19, T.D. 42714; if there be no "such," but "similar" merchandise is so offered for sale, then it is from similar merchandise that the value is to be derived. The result obtained, however, is not the value of "such" merchandise nor the value of "similar" merchandise, but the foreign value, or the export value, as the case may be, of the *imported* merchandise, and the higher of the two must be taken. Hence, it is of no significance that one value is found from the free offerings of "similar" merchandise while the other is arrived at by considering "such" merchandise.

This conclusion we had assumed to be so obvious as to have caused us to state the following without further comment in the case of *International Forwarding Co., Inc., et al.* v. *United States*, 34 Cust. Ct. 540, A.R.D. 56:

The trial court, noting the provisions of section 402(a)(1), (c) and (d) of the Tariff Act of 1930, as amended,[1] quite properly observed that:

* * * Assuming, without deciding, that there was an export value for "such" merchandise and a foreign value for "similar" merchandise, the higher of the two must be accepted as the value of the merchandise * * *. [Footnote 1 not quoted.]

It also formed the basis of the result reached in the case of *R. J. Reynolds Tobacco Co.* v. *United States*, 66 Treas. Dec. 1300, Reap. Dec. 3456, affirmed in *United States* v. *R. J. Reynolds Tobacco Co.*; *R. J. Reynolds Tobacco Co.* v. *United States*, 68 Treas. Dec. 1335, Reap. Dec. 3690, although Sullivan, J., specially concurring, expressed some doubt as to whether a foreign value of similar merchandise ought to prevail over a lower export value of such merchandise.

We do not entertain such doubts. Assuredly, where it is contended that the proper basis of value of any imported product is export value predicated upon the value of identical merchandise, it is part of the plaintiff's burden of proof, regardless of the basis adopted by the appraiser in his return, to negative the existence of a foreign

value for such and/or similar merchandise, or to show that neither was higher. As stated in *United States* v. *Machado & Co.*, 6 Cust. Ct. 802, Reap. Dec. 5131 :

\* \* \* In each of the statutory definitions of value above quoted it is noted that value may be based on the price of either "such" or "similar" merchandise. If no such, that is, identical, merchandise is offered for sale in such a manner as to fall within either definition, then it must be established whether or not similar merchandise is so offered. If similar merchandise is so offered or sold under conditions complying with the statutory definition, then it may be resorted to in finding whether or not a foreign-market value or an export value exists. If there is a failure to show that no foreign value exists for similar merchandise, how can the court legally determine that there is no foreign value under the statute? It must necessarily follow, then, that where there is a complete failure to prove that there is no similar merchandise sold or offered for sale under conditions defined in the statute there is a fatal failure of proof.

To what avail impose the obligation of establishing the absence of a freely offered price for similar merchandise if such merchandise sold for export may only be compared with such merchandise sold in the home market for domestic consumption? Yet this element of proof has always been considered essential.

In the case of *United States* v. *Irving Massin & Bros.*, *supra*, certain hatter's plush was appraised at its invoice value, presumptively, therefore, the export value of "such" merchandise. An appeal was taken by the collector who apparently urged a higher foreign value. Inasmuch as it was not contended that identical goods were sold in the country of exportation for home consumption, the issue in the case turned upon the question of whether similar fabrics were so sold. The court's determination that the hatter's plush sold for domestic consumption was not similar to the imported product operated to sustain the appraised values.

The importance of the *Massin* case to the issue raised by the appellant here lies in the fact that the court considered it necessary to ascertain whether the hatter's plush sold for home consumption in the country of exportation was similar to the fabric exported to the United States. If, as appellant now contends, the value of similar merchandise may not be compared with the value of such merchandise, regardless of the statutory basis of value selected, then the entire inquiry into the subject of similar merchandise and its distinction from such merchandise was totally irrelevant. What we have said here and the appellate court's approach to the issue in the *Massin* case make it obvious that the question of whether similar goods were sold in the country of exportation was vital to a proper determination of the value of the merchandise there under consideration. And when that question is resolved favorably to the existence of a market value for similar merchandise, a statutory value is found for purposes of comparison with its alternative for the ultimate determination and selection of the higher of the two.

Based upon the foregoing considerations, we agree with the conclusion of the trial court that where foreign value and export value are in competition, the value of similar merchandise in one category is to be preferred over the value of such merchandise in the other, where the former is higher.

Referring now to appellant's request for an opportunity to produce additional evidence for the purpose of establishing that there were no higher export values for similar merchandise, we are constrained to hold that the application comes too late.   Appellant, without seeking a rehearing after the judgment below was rendered, elected to submit to this division the question of law herein resolved unfavorably to it. It cannot now be heard to complain that it has not had its day in court.

We, therefore, affirm the judgment of the trial court and, in so doing, incorporate, by reference, its findings of fact and conclusions of law.

Judgment will be entered accordingly.