March 25, 1959

Reap. Dec. 9367.—International Packers, Limited *v*. United States,

Entered at New York, N.Y. Reap. Dec. 9304. Motion by defendant. The following memorandum accompanied the order granting the motion:

Donlon, Judge: The relief sought by defendant's motion is granted, but on grounds different from those set forth in defendant's memorandum in support of its motion.

I do not accept the view, on which defendant relies, that in a reappraisement appeal the parties may stipulate the ultimate value of merchandise in terms binding upon the court. That they may stipulate as to any or all of the facts necessary for the court to have before it in determining the value of merchandise, so that proofs of the several components of statutory value may be facilitated and expedited, goes without saying.

In support of its argument that a stipulation of the ultimate value of merchandise is binding on the court in a reappraisement appeal, defendant cites three decisions. Careful study of the cited precedents does not support the position for which defendant cites them.

In *H. A. Whitacre, Inc. v. United States*, 22 C.C.P.A. (Customs) 623 (1935), the litigation concerned a protest against classification,

not an appeal from appraisement. It is the judicial responsibility of the court, as specified by Congress, which the court is called upon to meet in each case that comes before it. That judicial responsibility in reappraisement appeals is quite different from the judicial responsibility in protest cases.

In protest cases, Congress has given to the court the responsibility of adjudicating controversy arising out of objection to a decision of the collector. The controversy to be adjudicated is shaped by the plaintiff, who is required by statute to set forth in writing, "distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal [of the collector], the reasons for the objection thereto." (Sec. 514, Tariff Act of 1930.) To the extent that there is no longer such objection, the area of judicial responsibility is contracted.

The judicial responsibility in reappraisement appeals, as prescribed by Congress, is to determine the value of the merchandise. The parties do not, in their pleadings, determine the scope of judicial responsibility in appeals to reappraisement. Indeed, the language of an appeal does not seek adjudication of some specified objection or objections to the findings of the appraiser, and the court has been told by Congress what proofs it must consider in making its determination of value. The judicial function may not be usurped by the parties.

In *United States* v. *Meadows Wye & Co., Inc.*, 15 Ct. Cust. Appls. 451 (1928), the issue was whether or not the stipulation of the parties that goods were unique, should prevail over subsequent evidence as to similar merchandise. Whether there is merchandise which is such or similar to subject merchandise is, of course, a question of fact. It is a fact which, with other facts, enters into the proofs basic to determination of value; but it is not, in itself, that judicial determination of ultimate value which Congress has made the responsibility of the court.

In *H. S. Dorf & Co. Inc., et al.* v. *United States*, 41 C.C.P.A. (Customs) 183, C.A.D. 548 (1954), there are so many peculiar situations that this decision can hardly be deemed determinative of any issue save only those that were before the court on the facts of that case. There was no stipulation of foreign value before the court, as the opinion of the appeals court makes abundantly clear. Therefore, the legal effect of such a stipulation was not an issue.

It is the plaintiff's reply to defendant's motion which makes possible the granting of the relief sought. While not stated as precisely as the facts to be stipulated in a litigation should be stated, plaintiff's memorandum affords the basis for judicial inference that plaintiff's earlier stipulation was intended to stipulate that, regardless of the conclusions of law, the actual buying rate of foreign exchange was not the rate of 15.3 pesos per dollar at which the appraiser converted

into dollars certain charges, costs, and expenses of a nondutiable character, and that the actual buying rate of such foreign exchange was 18 pesos per dollar. This is a fact which may be stipulated. It was not previously clear from the record or briefs that plaintiff had so stipulated without reservation.

In view of plaintiff's concession that the appraiser erred in finding a certain rate of exchange, it is not necessary to consider here defendant's lack of standing to challenge this appraisement, as to which defendant did not avail itself of its right to appeal.

The ninth finding of fact is amended to read as follows:

9. That certain charges, costs, and expenses of a nondutiable character, deduction of which is not disputed, were converted by the appraiser at a rate of 15.3 pesos per dollar; and the actual buying rate with respect to these charges, costs, and expenses was 18 pesos per dollar which, as so converted, aggregate the sum of $0.2691 per appraised unit of this merchandise.

The fifth and sixth conclusions of law are amended to read as follows:

5. That the deductions allowable in appraisement for loading permit, stamp on bill of lading, Argentine statistical charges, exchange stamp tax, export sales tax, lucrative activities tax, lighterage charge, and placing on board charge are convertible from Argentine currency into United States currency at the rate of 18 pesos per dollar.

6. That the United States value of the entry canned corned beef is $2.7343 per dozen tins, 12 ounces, net packed.

As thus amended, the findings of facts and conclusions of law set forth in the decision handed down January 26, 1959, are the findings and conclusions of the trial court.

Judgment, setting aside the prior judgment, will be entered accordingly.