(Reap. Dec. 10581)

INTERNATIONAL PACKERS, LIMITED *v.* UNITED STATES

Entry No. 835632.

(Decided August 27, 1963)

*Barnes, Richardson & Colburn* (*J. Bradley Colburn, Hadley S. King,* and *Norman C. Schwartz* of counsel) for the plaintiff.

*John W. Douglas,* Assistant Attorney General (*Daniel I. Auster,* trial attorney), for the defendant.

DONLON, Judge: The issue in this appeal to reappraisement is, to state it succinctly, whether a so-called "retention charge," imposed by the Republic of Argentina, on the export of beef, is or is not one of the "usual general expenses" contemplated in the statutory definition of cost of production. The merchandise was entered at New York on January 9, 1956.

This same Argentinian retention charge was before the court in *International Packers, Limited* v. *United States,* 42 Cust. Ct. 453, Reap. Dec. 9304 (modified in *idem,* 42 Cust. Ct. 581, Reap. Dec. 9367); affirmed in *United States* v. *International Packers, Limited,* 44 Cust. Ct. 768, A.R.D. 118; and again affirmed in *idem,* 48 CCPA 80, C.A.D. 769. In that case, however, the basis of appraisement was United States value and, as hereinafter more particularly pointed out, the statutory language construed is not the same in that case as the language the court is here required to construe.

The appeal is submitted on stipulated facts, including a stipulation that certain exhibits in the earlier case may be received in evidence here. They have been received.

Plaintiff has filed a brief in support of its claim that the retention charge is not a usual general expense and, hence, is not to be included in computing cost of production. Defendant did not file a brief, and advised the court that "we acquiesce that the Argentine retention charge forms no part of 'usual general expenses' of statutory cost of production."

This acquiescence of the Government does not, of course, relieve the court of its duty to decide the issue presented by the pleadings. Congress requires that:

The judge assigned to hear an appeal for reappraisement of merchandise shall render his decision in writing, together with a statement of the reasons therefor and of the facts on which his decision is based. [28 U.S.C. § 2635.]

There is no issue as to basis of appraisement. This beef was appraised on the basis of cost of production, and that is the basis plain-

tiff claims. In computing cost of production, the appraiser added to the other statutory factors the Argentine retention charge in the sum of $0.0712 per pound, arriving at a unit value of $0.4314 per pound, net, packed. The correctness of the item of retention charge, as one of the usual general expenses of producing this beef in the Argentine, is the sole issue.

In *International Packers, Limited* v. *United States, supra,* the court held that the Argentine retention charge was a "necessary expense from the place of shipment to the place of delivery" and, hence, that it was an item properly deductible from United States selling price in arriving at United States value. To summarize briefly a rather lengthy discussion in that opinion, the court there found that the charge accrued only on exportation of the beef, hence was not an internal charge within the Republic of Argentina, and, therefore, it was a necessary expense incurred between the place of shipment and the place of delivery.

That is to say, the retention charge is an expense of exportation from the Argentine. It cannot very well be said also that it is an expense of production within the Argentine. That is manifestly a position inconsistent with our earlier position. It is only such expenses, the usual general expenses of production, that are to be included in computing the cost of production.

Plaintiff's appeal is sustained. I find as facts the following:

1. That the merchandise, subject of this appeal, consists of cooked boneless beef, exported from Argentina on December 23, 1955, and entered for consumption at the port of New York on January 9, 1956, prior to the effective date of the Customs Simplification Act of 1956 (T.D. 54521).

2. That on or about the date of exportation, such or similar merchandise was not freely offered in the principal markets of Argentina in the usual wholesale quantities and in the ordinary course of trade for sale to all purchasers, either for consumption in Argentina or for exportation to the United States.

3. That on or about the said date of exportation, such or similar imported merchandise was not freely offered in the principal markets of the United States, in the usual wholesale quantities and in the ordinary course of trade, for sale to all purchasers for domestic consumption.

4. That the merchandise was appraised on the basis of cost of production under section 402(f), Tariff Act of 1930, at $0.4314 per pound, net, packed.

5. That a retention charge on the full f.o.b. price of the merchandise was imposed by the Argentine Government in connection with the exportation of the involved merchandise; that this is the same charge, in all material respects, as to levy, collection, and payment, as

that involved in *United States* v. *International Packers, Limited*, 48 CCPA 80, C.A.D. 769, and described in findings of fact Nos. 4 and 5 in *International Packers, Limited* v. *United States*, 42 Cust. Ct. 453, Reap. Dec. 9304, which findings are hereby incorporated as findings 5(a) and 5(b), below, with date appropriately conformed to the facts herein, respectively:

5(a). That on or about October 27, 1955, prior to the exportation of this merchandise on December 23, 1955, and effective on the date of such exportation, the Argentine Government had established controls over the exportation from Argentina of certain merchandise, including this merchandise, and in connection with and as a part of such controls required that 15 per centum of the full f.o.b. price of this merchandise be retained, or withheld, from the seller of the merchandise and that such retention be paid to the Central Bank of Argentina for the National Economic Reestablishment (or Recovery) Fund of the Argentine Government.

5(b). That in order to make effective such controls over exports and to assure payment of the retention, the Argentine Government established a procedure by which, and only by which, controlled merchandise could be exported from Argentina; that this procedure included official authorization of the transaction of sale and export, as a first step, then an application to ship the merchandise, and thereafter shipment of the merchandise pursuant to an official shipping license, or permit; that prior to official issuance of the shipping license, or permit, it was required that the merchandise either be prepaid in United States currency sold for Argentine pesos at a controlled rate of exchange decreed by the Argentine Government or, alternatively, that payment be made through an irrevocable letter of credit on file with a bank, duly licensed by the Central Bank of Argentina under the control program, and that, in either case, the retention of 15 per centum of the proceeds of sale be paid to the National Economic Reestablishment (Recovery) Fund and not paid to the seller.

6. That the said retention charge on the cooked boneless beef of this appeal was determined by the appraiser to be $0.0712 per pound, and was added by the appraiser as one of the usual general expenses in computing the unit cost of production of this merchandise.

I conclude as a matter of law:

1. That at the time of exportation there was no foreign, export, or United States value for the cooked boneless beef, subject of this appeal, as such values are defined in section 402 of the Tariff Act of 1930, prior to amendment by the Customs Simplification Act of 1956.

2. That cost of production, as defined in section 402(f) of the Tariff Act of 1930, as effective prior to amendment by the said Customs Simplification Act, is the proper basis for appraisement of such merchandise.

3. That the retention charge here involved, amounting to $0.712 per pound, is not a usual general expense of producing such merchandise, under section 402(f)(2), Tariff Act of 1930.

4. That the statutory unit cost of production of the involved merchandise is $0.3602 per pound, net, packed.

Judgment will be entered accordingly.