- (Reap. Dec. 10724)

INTERNATIONAL PACKERS, LIMITED *v.* UNITED STATES

Entry No. 720818–1/2.

(Decided April 16, 1964)

*Barnes, Richardson & Colburn (J. Bradley Colburn, Hadley S. King,* and *Norman C. Schwartz* of counsel) for the plaintiff.

*John W. Douglas,* Assistant Attorney General (*Sheila N. Ziff,* trial attorney), for the defendant.

DONLON, Judge: This appeal to reappraisement has been submitted on the following stipulation of facts:

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, subject to the approval of the court, as follows:

1. That the instant appeal for reappraisement is limited to the merchandise covered by Invoice No. 2 on the entry, to wit, 2000 cartons of canned corned beef in 3-lb. tins, packed 12 tins per carton, exported from Argentina on July 6, 1959 by Cia. Swift de la Plata, S.A.

2. That the involved merchandise was entered for consumption on or after the effective date of the Customs Simplification Act of 1956 (Public Law 927, 84th Congress, T.D. 54165) : that said merchandise is not identified on the final list published by the Secretary of the Treasury (T.D. 54521) pursuant to said Customs Simplification Act, and that appraisement was accordingly made under the provisions of Section 402 of the Tariff Act of 1930 as amended by said act.

3. That on or about the date of exportation, such or similar merchandise was not freely sold or offered for sale in Argentina for exportation to the United States ; and that on or about said date of exportation and for a period of not less than 90 days after the date of the instant importation, such or similar merchandise was not freely sold or offered for sale for domestic consumption in the United States ; that appraisement was accordingly made upon the basis of constructed value as defined in Section 402(d) of the Tariff Act of 1930 as amended; that neither party challenges said basis of appraisement.

4. That the appraised constructed value of $12.4462 per dozen tins, net packed, includes an amount of $1.0597 representing a retention charge paid in Argentina upon the exportation of the involved merchandise; that said retention charge, with regard to the Argentine laws, decrees and regulations pertaining to its imposition and collection, and with regard to the method of payment by the exporter, is the same in all material respects as that described in *International*

*Packers, Ltd.* v. *United States*, Reappraisement R61/3855; that the record in said case may be incorporated in the record herein.

5. That the appraiser included said retention charge in the appraised constructed value of the involved merchandise as a general expense, as that term appears in Section 402(d)(2) of the Tariff Act of 1930 as amended; that the sole issue herein is whether said retention charge in properly to be included as a general expense within the meaning of said Section 402(d)(2) ; that if said retention charge is properly deductible from said appraised constructed value, said constructed value exclusive of said retention charge equals $11.3865 per dozen tins, net packed; that plaintiff does not challenge any of the other elements entering into the computation of said appraised constructed value.

6. That the instant appeal for reappraisement may be submitted for decision upon this stipulation and the incorporated record, the same being limited to the merchandise and the issues described hereinabove and abandoned in all other respects; * * *.

Plaintiff duly filed its brief. Defendant sought to be excused from the requirement to file a brief "in light of the decision of this Court in the case of *International Packers, Limited* v. *United States* (Reappraisement R61/3855), decided March 23, 1964, on Argentine 'export' tax, which is decisive of the issue herein." Without conceding that the representation of defendant is correct, or that determination of what is decisive in a particular case is a prerogative of parties to litigation rather than of the court, defendant was excused from the requirement that it file a brief.

It having been stipulated that the involved merchandise is not an article on the final list published under the Customs Simplification Act of 1956 by the Secretary of the Treasury (T.D. 54521), and that such merchandise was exported from Argentina after the final list became effective, it follows that appraisement should be under section 402, Tariff Act of 1930, as amended by the 1956 act.

It was so appraised, and on the basis of constructed value. Plaintiff does not contest the propriety of that basis of appraisement. Plaintiff objects to the inclusion as one of the general expenses under section 402(d)(2) of a charge paid to the Argentine Government in the sum of $1.0597 per dozen tins, net, packed. Plaintiff contends that this exaction is not such a general expense as section 402(d)(2) contemplates.

Section 402(d) provides as follows:

(d) For the purposes of this section, the constructed value of imported merchandise shall be the sum of—

(1) the cost of materials (exclusive of any internal tax applicable in the country of exportation directly to such materials or their disposition, but remitted or refunded upon the exportation of the article in the production of which such materials are used) and of fabrication or other processing of any kind employed in producing such or similar merchandise, at a time preceding the date of exportation of the merchandise undergoing

appraisement which would ordinarily permit the production of that particular merchandise in the ordinary course of business;

(2)   an amount for general expenses and profit equal to that usually reflected in sales of merchandise of the same general class or kind as the merchandise undergoing appraisement which are made by producers in the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for shipment to the United States; and

(3)   the cost of all containers and coverings of whatever nature, and all other expenses incidental to placing the merchandise undergoing appraisement in condition, packed ready for shipment to the United States.

In *International Packers, Limited* v. *United States*, 52 Cust. Ct. 472, Reap. Dec. 10696, I held that the Argentine exaction, here in issue, is an export tax, payable by the exporter, and as such was a necessary expense from the place of shipment of the merchandise to the place of delivery.  As such a tax, I held it properly allowable as an expense in computing United States value.

The clear intent of section 402(d) is to construct, absent the preferred bases of appraisement, a value for merchandise at the point where it is "packed ready for shipment to the United States."  If this tax is an expense of exportation from the Argentine, and I have held that it is, then it cannot very well be said also to be an expense, within the Argentine, of producing the merchandise and packing it, ready for shipment from the Argentine to the United States.

The language of new section 402(d) and of old section 402(f) (now 402a(f)) is similar in that respect.  Both contemplate a cost for merchandise packed ready for shipment to the United States, without inclusion of costs of export.  *International Packers, Limited* v. *United States*, 51 Cust. Ct. 362, Reap. Dec. 10581, supports this interpretation, and is relevant here.

I make the following findings of fact:

1.   That the merchandise the subject of this appeal consists of canned corned beef in 3-pound tins, exported from Argentina on July 6, 1959, and entered for consumption at the port of New York on July 21, 1959, subsequent to the effective date of the Customs Simplification Act of 1956 (T.D. 54165); that said merchandise is not identified on the final list of the Secretary of the Treasury, published pursuant to said act (T.D. 54521) and is, accordingly, subject to appraisement under section 402 of the Tariff Act of 1930, as amended by said act.

2.   That, on or about the date of exportation, such or similar merchandise was not freely sold or offered for sale in Argentina for exportation to the United States.

3.   That, on or about said date of exportation and for a period of not less than 90 days after the date of the instant importation, such or similar merchandise was not freely sold or offered for sale for domestic consumption in the United States.

4. That appraisement was made on the basis of constructed value under section 402(d), Tariff Act of 1930, as amended, at $12.4462 per dozen tins, net, packed.

5. That an export tax was imposed in Argentina upon the exportation of the involved merchandise; that said tax, with regard to the Argentine laws, decrees, and regulations pertaining to its imposition and collection, and with regard to the method of payment by the exporter, is the same in all material respects as that described in *International Packers, Limited* v. *United States*, 52 Cust. Ct. 472, Reap. Dec. 10696, which record has been incorporated herein.

6. That the said export tax was determined by the appraiser to be $1.0597 per dozen tins, and was added in the appraisement as a general expense, as defined in section 402(d)(2), Tariff Act of 1930, as amended, in computing the unit constructed value of this merchandise.

I conclude as a matter of law:

1. That at the time of exportation there was no export value or United States value for the canned corned beef, subject of this appeal, as such values are defined in section 402 of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

2. That constructed value, as defined in section 402(d) of the Tariff Act of 1930, as amended, is the proper basis of appraisement for such merchandise.

3. That the export tax, here involved, amounting to $1.0597 per dozen tins, properly forms no part of the "general expenses," as defined in section 402(d)(2), Tariff Act of 1930, as amended.

4. That the statutory constructed value of the canned corned beef of this appeal, in 3-pound tins, is $11.3865 per dozen tins, net, packed.

5. That plaintiff having abandoned its appeal with regard to all other merchandise covered by the entry, the same is hereby dismissed, and the appraised value is affirmed as to such merchandise.

Judgment will be entered accordingly.