(Reap. Dec. 11147)

INTERNATIONAL PACKERS, LIMITED *v.* UNITED STATES

Entry No. 1028937.

(Decided February 16, 1966)

*Barnes, Richardson & Colburn* (*Hadley S. King* and *Norman C. Schwartz* of counsel) for the plaintiff.

*John W. Douglas,* Assistant Attorney General (*Sheila N. Ziff,* trial attorney), for the defendant.

DONLON, Judge: The rule 15(d) statements filed by the parties both claim that the proper basis of appraisement of this Argentine corned beef is export value and that such value is $2.6975 per dozen tins, net, packed. Appraisement was at $3.0475 per dozen tins, net, packed. The difference is the amount of the so-called Argentine "retention tax" of $0.35 per dozen tins, which the appraiser included in dutiable export value.

The case has been submitted on the following stipulation:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the court, as follows:

 * * * * * * *

2. That the involved merchandise consists of 4,440 cases of canned corned beef, first grade, in 12 ounce tins, packed 24 tins per case, exported from Argentina on May 22, 1959 by the firm of Cia. Swift de la Plata, S.A., and entered for consumption at the port of New York on June 19, 1959.

3. That the merchandise was entered for consumption after the effective date of the Customs Simplification Act of 1956 (T.D. 54165), and is not identified on the Final List published by the Secretary of the Treasury pursuant to said Act (T.D. 54521); that appraisement was accordingly made under the provisions of Section 402 of the Tariff Act of 1930 as amended by said Act.

4. That on or about the date of exportation, such merchandise, as defined in Section 402(f)(4)(A), Tariff Act of 1930, as amended, was not freely sold or offered in Argentina for sale for export to the United States; that appraisement was accordingly made under the

export value, as such value is defined in Section 402(b) of the Tariff Act of 1930, as amended, of similar merchandise as defined in Section 402(f) (4) (B) ; that neither party challenges the basis of appraisement.

5. That appraisement of the involved merchandise was made at $3.0475 per dozen tins net packed, and that there was included in said appraisement a "Retention" charge equal to $.3500 per dozen tins.

6. That said "Retention" charge, with regard to the Argentine laws, decrees and regulations pertaining to its imposition and collection, and with regard to the method of payment by the exporter, is the same in all material respects as that involved in *International Packers, Ltd.* v. *United States*, R.D. 10696; that the record in said case may be incorporated in the record herein.

7. That the sole issue herein is whether said "Retention" charge, in the amount as determined by the appraiser, properly forms part of statutory export value as defined in said Section 402(b), Tariff Act of 1930 as amended.

8. That at the time of exportation of the merchandise involved herein the export value thereof as such value is defined in said Section 402(b) of the Tariff Act of 1930 as amended was $2.6975 per dozen tins net packed, exclusive of said "Retention" charge.

9. That the instant appeal for reappraisement may be submitted for decision upon this stipulation and the incorporated record, the same being limited to the merchandise and issue described herein.

10. That the plaintiff may have ten days from the date of notice of approval of this stipulation within which to file its brief and that defendant may have ten days from the date of filing of plaintiff's brief within which to respond.

Plaintiff's brief relies on an assumption that, in appeals to reappraisement, the court is bound by the agreement of the parties as to what the value is.

This assumption is erroneous. Moreover, it affords the court no assistance in determining the question of law which the stipulated facts raise, namely, whether $0.35 per dozen tins "included in the appraisement" and representing a charge "the same in all material respects as that involved in *International Packers, Ltd.* v. *United States*, R.D. 10696 * * * properly forms part of statutory export value as defined in * * * Section 402(b), Tariff Act of 1930, as amended." (Paragraphs 5, 6, and 7 of stipulation, *supra*.)

The fact having been stipulated that this merchandise is not an article on the final list published under the Customs Simplification Act of 1956 by the Secretary of the Treasury (T.D. 54521) and that the merchandise was exported from Argentina after the final list became effective, it follows that appraisement should be under amended section 402. That it was appraised, and rightly so, on the *basis* of export value, is not controverted. Plaintiff's basic appeal is that the

item of $0.35 per dozen tins was improperly included in export value, appraised under section 402(b), as amended, which provides as follows:

For the purposes of this section, the export value of imported merchandise shall be the price, at the time of exportation to the United States of the merchandise undergoing appraisement, at which such or similar merchandise is freely sold or, in the absence of sales, offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States.

In *International Packers, Limited* v. *United States*, 52 Cust. Ct. 518, Reap. Dec. 10724, where the issue was whether such charge, paid to the Argentine government, should be included or deducted in computing constructed value (section 402(d), as amended), the following opinion language has some relevance here.

In *International Packers, Limited* v. *United States*, 52 Cust. Ct. 472, Reap. Dec. 10696 [cited in paragraph 6 of stipulation, *supra*], I held that the Argentine exaction, here in issue, is an export tax, payable by the exporter, and as such was a necessary expense from the place of shipment of the merchandise to the place of delivery. As such a tax, I held it properly allowable as an expense in computing United States value.

The clear intent of section 402(d) is to construct, absent the preferred bases of appraisement, a value for merchandise at the point where it is "packed ready for shipment to the United States." If this tax is an expense of exportation from the Argentine, and I have held that it is, then it cannot very well be said also to be an expense, within the Argentine, of producing the merchandise and packing it, ready for shipment from the Argentine to the United States.

The language of new section 402(d) and of old section 402(f) (now 402a(f)) is similar in that respect. Both contemplate a cost for merchandise packed ready for shipment to the United States, without inclusion of costs of export. *International Packers, Limited* v. *United States*, 51 Cust. Ct. 362, Reap. Dec. 10581, supports this interpretation and is relevant here. [P. 520.]

Defendant points out in its brief, citing the above case, that I there held this export tax was no part of "general expenses," as defined in amended section 402(d). Defendant's brief cites cases holding that various export charges, therein litigated, are not part of export value of imported merchandise for tariff purposes. *United States* v. *International Commercial Co., Inc., et al.*, 28 Cust. Ct. 629, Reap. Dec. 8112; *Henry D. Gee Co.* v. *United States*, 24 Cust. Ct. 508, Reap. Dec. 7772; *Caradine Hat Company et al.* v. *United States*, 25 Cust. Ct. 411, Reap. Dec. 7876. On authority of those cases, and of *International Packers, Limited* v. *United States, supra*, I hold that the Argentine export tax,

or retention tax, of $0.35 per dozen tins, is not a charge that should be added to the price at which such or similar merchandise was freely sold in the Argentine for export to the United States.

I make the following findings of fact:

1. That the merchandise the subject of this appeal consists of canned corned beef, first grade, in 12-ounce tins, packed 24 tins to a case, exported from Argentina on May 22, 1959, and entered for consumption at the port of New York on June 19, 1959, which was subsequent to the effective date of the Customs Simplification Act of 1956 (T.D. 54165); that said merchandise is not identified on the final list of the Secretary of the Treasury, published pursuant to said act (T.D. 54521) and is, accordingly, subject to appraisement under section 402 of the Tariff Act of 1930, as amended by said act.

2. That on or about the date of exportation, such merchandise was freely sold or offered for sale in Argentina for exportation to the United States.

3. That the merchandise, subject of this appeal, was appraised on the basis of the price, at the time of exportation, at which similar merchandise was freely sold or offered for sale in Argentina in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States under section 402(b), Tariff Act of 1930, as amended; that such price was $2.6975 per dozen tins, net, packed.

4. That an export tax, or retention tax, was imposed in Argentina upon the exportation of this merchandise; that said tax, with regard to the Argentine laws, decrees, and regulations pertaining to its imposition and collection, and with regard to the method of payment by the exporter, is the same in all material respects as that described in *International Packers, Limited* v. *United States*, 52 Cust. Ct. 472, Reap. Dec. 10696, which record has been incorporated herein.

5. That the said tax was $0.35 per dozen tins, and was added in appraisement to the price of $2.6975 in computing $3.0475 as the unit export value of the merchandise.

I conclude as a matter of law:

1. That export value, as defined in section 402(b) of the Tariff Act of 1930, as amended, is the proper basis of appraisement of this merchandise.

2. That the tax, here in issue, amounting to $0.35 per dozen tins, forms no part of export value, as such value is defined in section 402 (b), Tariff Act of 1930, as amended.

3. That the export value of the canned corned beef of this appeal, in 12-ounce tins, is $2.6975 per dozen tins, net, packed.

Judgment will be entered accordingly.