BEFORE CHIEF JUDGE RAO, SEPTEMBER 19, 1966

**No. R66/32.**—Shalom Baby Wear, Inc. *v.* United States, reappraisements R62/2526, etc. (New York).

RAO, C. J.   In accordance with stipulation of counsel that the facts and issues are the same in all material respects as those in *Shalom Baby-Wear, Inc.* v. *United States* (54 Cust. Ct. 526, Reap. Dec. 10905), the court found and held that export value, as that value is defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, is the proper basis of value for the cotton T shirts, cotton parkas, and other cotton wearing apparel in issue and that such value was the appraised value, less the buying commission, as stated on the invoice.

BEFORE JUDGE DONLON, SEPTEMBER 19, 1966

**No. R66/33.**—International Packers, Limited *v.* United States, reappraisements R60/19678, etc. (New York).

**No. R66/34.**—International Packers, Limited *v.* United States, reappraisements R60/22862, etc. (Boston).

**No. R66/35.**—The Tupman-Thurlow Co., Inc. *v.* United States, reappraisements R61/2383, etc. (Baltimore).

**No. R66/36.**—International Packers, Ltd. *v.* United States, reappraisements R61/2389, etc. (Baltimore).

**No. R66/37.**—The Tupman Thurlow Co., Inc. *v.* United States, reappraisements R61/2925, etc. (Boston).

**No. R66/38.**—Stone & Downer Co. *v.* United States, reappraisements R61/2937 and R61/2938 (Boston).

**No. R66/39.**—The Tupman Thurlow Co., Inc. *v.* United States, reappraisements R61/10059, R61/10060, and R61/10061 (New Orleans).

DONLON, J.   In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *International Packers, Limited* v. *United States* (56 Cust. Ct. 636, Reap. Dec. 11147) and *International Packers, Limited* v. *United States* (52 Cust. Ct. 472, Reap. Dec. 10696), the court found and held that export value, as defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, is the proper basis for the determination of the value of the canned meat exported from Argentina, during the period January 1, 1959, through December 31, 1959, described on the invoices of the entries covered by the appeals for reappraisement recited in schedule "A," and that such values per dozen tins, net packed, are the respective values shown as

plaintiffs' claimed values on schedule "B," for the respective products and sizes of container described on the invoices and as stated in each entry and recited in said schedule "B," during those periods which correspond to the time of exportation of the canned meat covered by the appeals for reappraisement recited in schedule "A," which with schedule "B," was attached to and made a part of the decisions.

BEFORE JUDGE DONLON, SEPTEMBER 21, 1966

**No. R66/40.**—Red Line Commercial Co., Inc. *v.* United States, reappraisements R60/15310 and R60/17287 (Los Angeles).

**No. R66/41.**—Red Line Commercial Co. and Red Line Commercial Co., Inc. *v.* United States, reappraisements R60/18134 and R60/18139 (Houston).

**No. R66/42.**—Red Line Commercial Co., Inc. *v.* United States, reappraisements R60/19336, R60/21016, and R60/21017 (San Francisco).

**No. R66/43.**—Red Line Commercial Co. et al *v.* United States, reappraisements R61/10795, etc. (New Orleans).

DONLON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *International Packers, Limited* v. *United States* (56 Cust. Ct. 636, Reap. Dec. 11147) and *International Packers, Limited* v. *United States* (52 Cust. Ct. 472, Reap. Dec. 10696), the court found and held that export value, as defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, is the proper basis for the determination of the value of the canned meat exported from Argentina, during the period January 1, 1959, through December 31, 1959, described on the invoices of the entries covered by the appeals for reappraisement recited in schedule "A," and that such values per dozen tins, net packed, are the respective values shown as plaintiffs' claimed values on schedule "B," for the respective products and sizes of container described on the invoices and as stated in each entry and recited in said schedule "B," during those periods which correspond to the time of exportation of the canned meat covered by the appeals for reappraisement recited in schedule "A," which with schedule "B," was attached to and made a part of the decisions.

**No. R66/44.**—Red Line Commercial Co., Inc. *v.* United States, reappraisement R60/20421 (Portland, Oreg.).

**No. R66/45.**—International Packers, Limited *v.* United States, reappraisement R60/20740 (Houston).

**No. R66/46.**—International Packers, Limited *v.* United States, reappraisement R60/21786 (Philadelphia).