**No. R67/37.**—Red Line Commercial Co., Inc. *v.* United States, reappraisement R60/15807 (San Juan, P.R.).

In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *International Packers, Limited* v. *United States* (56 Cust. Ct. 636, Reap. Dec. 11147) and *International Packers, Limited* v. *United States* (52 Cust. Ct. 472, Reap. Dec. 10696), the court found and held that export value, as defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, is the proper basis for the determination of the value of the canned meat exported from Argentina, during the period January 1, 1959, through December 31, 1959, and that such values per dozen tins, net packed, are the respective values shown as plaintiff's claimed values on schedule "B," for the respective products and sizes of container described on the invoice and as stated in the entry and recited in said schedule "B," during those periods which correspond to the time of exportation of the canned meat covered by this appeal for reappraisement, said schedule "B," being attached to and made a part of the decision.

**No. R67/38.**—International Packers, Limited *v.* United States, reappraisements R60/19633, etc. (Norfolk).

**No. R67/39.**—International Packers, Limited *v.* United States, reappraisements R61/3843, etc. (Boston).

**No. R67/40.**—International Packers, Limited *v.* United States, reappraisements R61/7757, etc. (Charleston).

**No. R67/41.**—International Packers, Limited *v.* United States, reappraisements R61/8758, etc. (New York).

**No. R67/42.**—The Tupman Thurlow Co., Inc. *v.* United States, reappraisements R60/19650, etc. (Norfolk).

**No. R67/43.**—The Tupman Thurlow Co., Inc. *v.* United States, re- appraisements R61/7161, etc. (New York).

**No. R67/44.**—The Tupman Thurlow Co., Inc. *v.* United States, re- appraisements R61/11379, etc. (New Orleans).

**No. R67/45.**—Red Line Commercial Co., Inc. *v.* United States, re- appraisements R61/3820, etc. (Boston).

**No. R67/46.**—Red Line Commercial Co., Inc. *v.* United States, re- appraisements R61/7551, etc. (San Francisco).

In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved respectively in *International Packers, Limited* v. *United States* (52 Cust. Ct. 472, Reap. Dec. 10696), as to merchandise appraised on the basis of United States value; *International Packers, Limited* v. *United States* (52 Cust. Ct. 518, Reap. Dec. 10724), as to merchandise appraised on the basis of constructed value; and *International Packers, Limited* v. *United States* (56 Cust. Ct. 636, Reap. Dec. 11147), as to merchandise appraised on the basis of export value, the court found and held those respective values, as defined in section 402, Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, to be the proper bases for determining value of the entered canned meat products listed on schedule "B" under the headings "Export Value," "United States Value," and "Constructed Value," packed in the con- tainer sizes identified on such schedule, and exported from Argentina during the period January 1, 1959, through December 31, 1959, de- scribed on the invoices of the entries in these appeals for reappraise- ment, and that such values per dozen tins, net packed, are the respective values shown as plaintiffs' claimed values on schedule "B," for the respective products and sizes of container described on the invoices and stated in the entries and recited in schedule "B" under the headings "Export Value," "United States Value," and "Constructed Value," during those periods which correspond to the times of exportation of the schedule "B" canned meats described under the headings "Export Value," "United States Value," and "Constructed Value" and covered by the appeals for reappraisement, recited in schedule "A," which with schedule "B," was attached to and made a part of the decisions.